UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| MASTERCRAFT BOAT COMPANY, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MALIBU BOATS, LLC, )<br>)<br>Defendant. ) | Case No. 3:22-CV-00099<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff MasterCraft Boat Company, LLC ("MasterCraft") brings this action for patent infringement against Defendant Malibu Boats, LLC ("Malibu"), and alleges as follows:

### The Parties

1.     MasterCraft is a Delaware limited liability company with its principal place of business located at 100 Cherokee Cove Road, Vonore, Tennessee 37885.

2.     Malibu is a Delaware limited liability company with its principal place of business located at 5075 Kimberly Way, Loudon, Tennessee 37774.

### Jurisdiction and Venue

3.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Malibu because its principal place of business is located in this judicial district, and because it has committed acts within Tennessee giving rise to this action and has established minimum contacts with Tennessee such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

5.      Venue is proper under 28 U.S.C. § 1400(b).  Malibu has committed acts of infringement in this judicial district and has a regular and established place of business in this judicial district.

**MasterCraft's Patents-in-Suit**

6.      On March 26, 2019, U.S. Patent No. 10,241,746 (the "'746 patent"), titled "Control and Audio Systems for a Boat," duly and legally issued to MasterCraft as assignee of the inventors, Darren S. Sheedy and David F. Ekern.  A true and correct copy of the '746 patent is attached hereto as Exhibit 1.

7.      On February 16, 2021, U.S. Patent No. 10,922,045 (the "'045 patent"), titled "Control and Audio Systems for a Boat," duly and legally issued to MasterCraft as assignee of the inventors, Darren S. Sheedy and David F. Ekern.  A true and correct copy of the '045 patent is attached hereto as Exhibit 2.

8.      The '746 and '045 patents (collectively, "Asserted Patents") protect, among other things, the in-dash speaker systems that MasterCraft introduced on several of its model year 2018 boats.  The speakers are located beneath the windshield on the port and starboard dash, and they are inclined at a non-zero angle with respect to the floor.  Inclining the speakers in this manner helps prevent water damage to the speakers by preventing or minimizing water from pooling therein.  Advantageously, though not required by all claims, the angle of the speakers and the angle of the windshield are coordinated such that sound emanating from the speakers is reflected off the windshield in an aft direction, providing for an improved listening experience.

2



FIG. 6

**'746 Patent**

9.     MasterCraft is the sole owner of the entire right, title, and interest in and to the Asserted Patents, including the right to sue and recover for any and all infringements thereof.

10.     The Asserted Patents are valid and enforceable.

11.     MasterCraft has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Asserted Patents.

**Malibu's Infringing Activities**

12.     On or about October 1, 2019, Malibu announced the release of "its new flagship—the Malibu M240," which features an in-dash speaker system similar to MasterCraft's. *See* https://www.malibuboats.com/news/2019-news/introducing-the-all-new-malibu-m240#:~:text=Loudon%2C%20TN%20%7C%20October%201%2C,new%20flagship%E2%80%94the%20Malibu%20M240.

3

13.     Approximately one year later, Malibu released another M-Series boat, the M220, which, on information and belief, has the same in-dash speaker system as the M240.  *See* https://www.malibuboats.com/news/2020-news/the-all-new-2021-malibu-m220#:~:text=Loudon%2C%20TN%20%7C%20September%203%2C,of%20its%20all%2Dnew%20M220.

14.     On July 6, 2021, MasterCraft's counsel sent a letter to Malibu, informing Malibu that its M-Series boats with in-dash speaker systems practice at least claims 1-3 and 9-11 of the '746 patent and at least claims 1-14 of the '045 patent.  On information and belief, Malibu received this letter on July 7, 2021.

15.     Despite knowing of the Asserted Patents and its infringement thereof, Malibu has continued to infringe.

### Count I: Infringement of U.S. Patent No. 10,241,746

16.     MasterCraft repeats and incorporates by reference the allegations of paragraphs 1-15, as though set forth here in their entirety.

17.     Malibu has infringed and is infringing at least independent claim 1 and dependent claims 2, 3, and 9-11 of the '746 patent by making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, boats with in-dash speaker systems ("Accused Products"), including but not limited to the M220 and M240.  Malibu has acted without authority or license from MasterCraft, in violation of 35 U.S.C. § 271(a).

18.     On information and belief, the M220, pictured below, is representative of the Accused Products for purposes of demonstrating infringement of the asserted claims of the '746 patent.

4

19. Independent claim 1 of the '746 patent recites:

A boat comprising:

a hull including a bow, a transom, and port and starboard sides;

a deck including a floor;

a windshield mounted at a first non-zero angle with respect to the floor;

a dash positioned proximate the windshield, the dash including a top surface and an opening; and

a speaker mounted under the top surface of the dash at a second non-zero angle with respect to the floor, the speaker being positioned to direct sound emanating from the speaker through the opening in the dash,

wherein the windshield is configured to reflect the sound emanating from the speaker as reflected sound, and the first non-zero angle of the windshield and the second non-zero angle of the speaker are configured to direct the reflected sound in an aft direction.

20. The Accused Products are boats having a hull that includes a bow, a transom, port and starboard sides, a deck including a floor, and a windshield.



**Overhead View of M220**

5



**M220: Starboard-Side Windshield**

21. The windshield in the Accused Products is mounted at a first non-zero angle (approximately 34 degrees for the M220 starboard-side windshield) with respect to the floor.



**M220: Angle of Floor (Left) and Angle of Starboard-Side Windshield (Right)**

22. The Accused Products include a dash positioned proximate the windshield. The dash includes a top surface and an opening, which in the top two images below is covered by a grille. By removing the control console (including the top surface of the dash and the grille), as shown in the bottom two images below, you can see the opening and a speaker mounted within the opening, under the top surface of the dash.

6



**M220: Starboard-Side Dash and Speaker**

23.     The speaker is mounted under the top surface of the dash at a second non-zero

angle (approximately 36 degrees for the M220 starboard-side speaker) with respect to the floor.



**M220: Angle of Floor (Left) and Angle of Starboard-Side Speaker (Right)**

24.     The speaker is positioned to direct sound emanating from the speaker through the opening in the dash, the windshield is configured to reflect the sound emanating from the speaker as reflected sound, and the first non-zero angle of the windshield and the second non-zero angle of the speaker are configured to direct the reflected sound in an aft direction.



**M220: Sound Reflected Off Starboard-Side Windshield in Aft Direction**

25.     Although the foregoing infringement analysis focuses on the starboard-side in-dash speaker system, on information and belief, the Accused Products also have a port-side in-dash speaker system that likewise infringes the asserted claims of the '746 patent.

8



**M220: Port-Side In-Dash Speaker**

26.     The Court has not yet construed the meaning of any claims or terms in the '746 patent.  In providing the foregoing detailed allegations, MasterCraft does not intend to convey or imply any particular claim construction or the precise scope of the claims.  MasterCraft's contentions regarding the construction of the claims will be provided in compliance with the case schedule and any applicable orders.

27.     MasterCraft contends that each element of each asserted claim is literally present in the Accused Products.  If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, MasterCraft contends that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

28.     Malibu's acts complained of herein are damaging and will continue to cause irreparable injury and damage to MasterCraft for which there is no adequate remedy at law.

MasterCraft is therefore entitled to preliminary and permanent injunctions restraining and enjoining Malibu from infringing the '746 patent.

29. By reason of Malibu's infringing activities, MasterCraft has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

30. Malibu's infringement of the '746 patent has been and continues to be willful, wanton, and deliberate.

### Count II: Infringement of U.S. Patent No. 10,922,045

31. MasterCraft repeats and incorporates by reference the allegations of paragraphs 1-15, as though set forth here in their entirety.

32. Malibu has infringed and is infringing at least independent claims 1, 5, and 11 and dependent claims 2-4, 6-10, and 12-14 of the '045 patent by making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, the Accused Products. Malibu has acted without authority or license from MasterCraft, in violation of 35 U.S.C. § 271(a).

33. On information and belief, the M220, pictured below, is representative of the Accused Products for purposes of demonstrating infringement of the asserted claims of the '045 patent.

34. Independent claim 1 of the '045 patent recites:

A boat comprising:

a hull including a bow, a transom, and port and starboard sides;

a deck including a floor;

a windshield mounted at a first non-zero angle with respect to the floor;

10

a dash positioned proximate the windshield, the dash including a top surface and an opening; and

a speaker mounted under the top surface of the dash at a second non-zero angle with respect to the floor, the speaker being positioned to direct sound emanating from the speaker through the opening in the dash.

35. The Accused Products are boats having a hull that includes a bow, a transom, port and starboard sides, a deck including a floor, and a windshield.



**Overhead View of M220**

 

**M220: Starboard-Side Windshield**

11

36.     The windshield in the Accused Products is mounted at a first non-zero angle (approximately 34 degrees for the M220 starboard-side windshield) with respect to the floor.

 

**M220: Angle of Floor (Left) and Angle of Starboard-Side Windshield (Right)**

37.     The Accused Products include a dash positioned proximate the windshield.  The dash includes a top surface and an opening, which in the top two images below is covered by a grille.  By removing the control console (including the top surface of the dash and the grille), as shown in the bottom two images below, you can see the opening and a speaker mounted within the opening, under the top surface of the dash.

 

12

 

**M220: Starboard-Side Dash and Speaker**

38.    The speaker is mounted under the top surface of the dash at a second non-zero angle (approximately 36 degrees for the M220 starboard-side speaker) with respect to the floor, and is positioned to direct sound emanating from the speaker through the opening in the dash.

 

**M220: Angle of Floor (Left) and Angle of Starboard-Side Speaker (Right)**

39.    Independent claim 5 of the '045 patent recites:

A boat comprising:

a hull including a bow, a transom, and port and starboard sides;

a deck including a floor;

a windshield mounted at a first non-zero angle with respect to the floor; and

a speaker positioned proximate the windshield at a second non-zero angle with respect to the floor, the speaker being positioned at the second non-zero angle to form an acute angle with the windshield.

40.     The Accused Products are boats having a hull that includes a bow, a transom, port and starboard sides, a deck including a floor, and a windshield.



**Overhead View of M220**




**M220: Starboard-Side Windshield**

41.     The windshield in the Accused Products is mounted at a first non-zero angle (approximately 34 degrees for the M220 starboard-side windshield) with respect to the floor.

 

**M220: Angle of Floor (Left) and Angle of Starboard-Side Windshield (Right)**

42.     The Accused Products include a speaker positioned proximate the windshield.  In the top two images below, the speaker is covered by a grille.  By removing the control console (including the top surface of the dash and the grille), as shown in the bottom two images below, you can see the speaker.

 

15



**M220: Starboard-Side Speaker**

43. The speaker is mounted at a second non-zero angle (approximately 36 degrees for the M220 starboard-side speaker) with respect to the floor that forms an acute angle (less than 90 degrees) with the windshield.



**M220: Angle of Floor (Left) and Angle of Starboard-Side Speaker (Right)**

44. Independent claim 11 of the '045 patent recites:

A boat comprising:

a hull including a bow, a transom, and port and starboard sides;

a deck including a floor;

a windshield mounted at a first non-zero angle with respect to the floor;

16

a dash positioned proximate the windshield, the dash including a top surface and an opening; and

a speaker mounted under the top surface of the dash at a second non-zero angle with respect to the floor, the speaker being positioned to direct sound emanating from the speaker through the opening in the dash.

45. The Accused Products are boats having a hull that includes a bow, a transom, port and starboard sides, a deck including a floor, and a windshield.



**Overhead View of M220**




**M220: Starboard-Side Windshield**

17

46.     The windshield in the Accused Products is mounted at a first non-zero angle (approximately 34 degrees for the M220 starboard-side windshield) with respect to the floor.

 

**M220: Angle of Floor (Left) and Angle of Starboard-Side Windshield (Right)**

47.     The Accused Products include a dash positioned proximate the windshield.  The dash includes a top surface.  By removing the control console (including the top surface of the dash and a grille), as shown in the bottom two images below, you can see multiple speakers mounted within an opening, under the top surface of the dash.

 

18

 

**M220: Starboard-Side Dash and Speakers**

48.     Each speaker is mounted under the top surface of the dash at a non-zero angle (approximately 36 degrees for the M220 starboard-side speaker) with respect to the floor, and is positioned to direct sound emanating from the respective speaker through the opening in the dash.

 

**M220: Angle of Floor (Left) and Angle of Starboard-Side Speakers (Right)**

49.     Although the foregoing infringement analysis focuses on the starboard-side in-dash speaker system, on information and belief, the Accused Products also have a port-side in-dash speaker system that likewise infringes the asserted claims of the '045 patent.



**M220: Port-Side In-Dash Speaker**

50.     The Court has not yet construed the meaning of any claims or terms in the '045 patent.  In providing the foregoing detailed allegations, MasterCraft does not intend to convey or imply any particular claim construction or the precise scope of the claims.  MasterCraft's contentions regarding the construction of the claims will be provided in compliance with the case schedule and any applicable orders.

51.     MasterCraft contends that each element of each asserted claim is literally present in the Accused Products.  If as a result of the Court's constructions or other determinations one or more claim elements are not literally present, MasterCraft contends that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

52.     Malibu's acts complained of herein are damaging and will continue to cause irreparable injury and damage to MasterCraft for which there is no adequate remedy at law.

MasterCraft is therefore entitled to preliminary and permanent injunctions restraining and enjoining Malibu from infringing the '045 patent.

53. By reason of Malibu's infringing activities, MasterCraft has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

54. Malibu's infringement of the '045 patent has been and continues to be willful, wanton, and deliberate.

## Prayer for Relief

WHEREFORE, MasterCraft prays for judgment and relief as follows:

A. That Malibu be found to have infringed the Asserted Patents;

B. That Malibu and its subsidiaries, affiliates, officers, directors, agents, servants, employees, successors, and assigns, and all other persons and organizations in active concert or participation with them, be preliminarily and permanently enjoined from further acts of infringement of the Asserted Patents pursuant to 35 U.S.C. § 283;

C. That Malibu be ordered to pay damages adequate to compensate MasterCraft for Malibu's infringement of the Asserted Patents, as well as enhanced damages for Malibu's willful, wanton, and deliberate infringement, together with interest pursuant to 35 U.S.C. § 284;

D. That this case be declared exceptional and MasterCraft be awarded its attorney fees pursuant to 35 U.S.C. § 285;

E. That Malibu be ordered to pay all of MasterCraft's costs associated with this action; and

F. That MasterCraft be granted such other and additional relief as the Court deems equitable, just, and proper.

## Jury Demand

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, MasterCraft demands a jury trial on all issues so triable.

Dated: March 15, 2022

*/s/ J. Isaac Sanders* .
J. Isaac Sanders, BPR # 029372
NEAL & HARWELL, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Phone: 615.244.1713
Fax: 615.726.0573
Email: isanders@nealharwell.com

Edmund J. Haughey (*pro hac vice* application forthcoming)
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
Phone: 202.344.4000
Fax: 202.344.8300
Email: ehaughey@venable.com

Andrew J. Kutas (*pro hac vice* application forthcoming)
VENABLE LLP
1270 Avenue of the Americas
New York, NY 10020
Phone: 212.307.5500
Fax: 212.307.5598
Email: akutas@venable.com

*Attorneys for Plaintiff MasterCraft Boat Company, LLC*